# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEMANUEL JACKSON,**

    **Plaintiff,**

v.                                          Case No. 03-C-941

**OFFICER PFEIFFER,**
**OFFICER ROTTSCHOLL,**
**OFFICER D. REIM,**
**OFFICER B. PETERS,**
**OFFICER JASON LARIDEAN, AND**
**OFFICER STEVE KLEIN,**

    **Defendants,**

## ORDER

Plaintiff Lemanuel Jackson, who is currently incarcerated at the Oakhill Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis on an excessive force claim against defendants Pfeiffer and Rottscholl, and on a conspiracy claim against defendants Klein, Laridean, Reim, and Peters. Defendants Klein, Laridean, and Reim have filed a motion for summary judgment. Defendant Peters has also filed a motion for summary judgment.[1] Both of these motions will be addressed herein.

---

[1] The six defendants are represented by three different attorneys. Defendants Officer Pfeiffer and Officer Rottscholl are represented by Attorney Gregg Heidenreich, Law Offices of Stilp & Cotton; defendants D. Reim, Jason Laridean, and Steve Klein are represented by Attorney Jospeph M. Wirth, Piper & Schmidt; and defendant B. Peters is represented by Attorney Jane L. Kirkeide, Menn Teetaert & Beisenstein.
Defendants Pfeiffer and Rottscholl have not filed a dispositive motion.

## I. BACKGROUND

On October 29, 2003, plaintiff was granted leave to proceed in forma pauperis on two claims. First, he is proceeding on a Fourth Amendment excessive force claim against defendants Rottscholl and Pfeiffer based on allegations that these defendants punched and kicked plaintiff after he was handcuffed and nonresistant. Second, he is proceeding on a conspiracy claim against defendants Laridean, Klein, Reim, and Peters based on allegations that they conspired to hide plaintiff inside the Fond du Lac County Jail for seven days, before taking him before a judge, so that his injuries would not be so apparent.

On September 20, 2004, defendants Klein, Laridean, and Reim filed a motion for summary judgment. On September 20, 2004, defendant Peters filed summary judgment materials consisting of a supporting brief, affidavits, proposed findings of fact, and proposed conclusions of law. Defendant Peters' materials did not include an actual motion for summary judgment and his filings failed to comply with the Local Rules. However, on January 27, 2005, he filed his summary judgment motion, along with Amended Proposed Findings of Fact that comply with the relevant procedural rules. On March 23, 2005, plaintiff filed a response to defendants' motions for summary judgment, consisting of a sworn declaration, exhibits, and a supporting brief. Defendants Klein, Laridean, and Reim filed a reply brief on April 13, 2005.

On February 14, 2005, the court considered plaintiff's motion to amend the complaint. Plaintiff sought leave to amend the complaint to identify an additional defendant involved in his excessive force claim, whose identity plaintiff learned through discovery. I denied without prejudice plaintiff's motion to amend because he failed to include a proposed amended

2

complaint along with his motion. However, I also stated that plaintiff should be allowed to file an amended complaint including the newly identified defendant.

Plaintiff filed his proposed amended complaint on March 23, 2005. The proposed amended complaint identifies the additional defendant alleged to have used excessive force against him as "Perales, Kristian P."

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials

3

in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). When both parties have moved for summary judgment, both are required to show that no genuine issues of fact exist, taking the facts in the light most favorable to the party opposing each motion. If issues of fact exist, neither party is entitled to summary judgment. Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight, 700 F.2d 341, 349 (7th Cir. 1983).

## III. FACTS

**A.     Defendants Klein, Laridean, and Reim's Motion**

Defendants Sergeant Steven Klein, Officer Jason Laridean, and Officer Doug Reim are duly authorized peace officers with the City of Fond du Lac Police Department. (Compl. ¶¶ 5-6.) On February 28, 2001, defendant Laridean was on duty as a patrol officer with the City of Fond du Lac Police Department. (Affidavit of Officer Jason Laridean [Laridean Aff.] ¶ 2.) On February 28, 2001, defendant Klein was on duty, with his canine partner, as an officer with the Fond du Lac Police Department. (Affidavit of Sergeant Steven Klein [Klein Aff.] ¶ 2.) On February 28, 2001, defendant Reim was assigned to the Lake Winnebago Area Metropolitan Enforcement Group - Drug Unit (MEG Unit). (Affidavit of Officer Reim [Reim Aff.] ¶ 2.)

4

On February 28, 2001, defendant Reim was assigned an unmarked police vehicle, which had no emergency light bar or siren. (Reim Aff. ¶ 3.) Immediately prior to his arrest, plaintiff was driving northbound on Highway 41 in Fond du Lac County. (Jackson Dep. 9:9-19.) Defendant Reim was stationed along Highway 41 for purposes of attempting to identify plaintiff's vehicle as it passed. (Reim Aff. ¶ 4.) As plaintiff passed defendant Reim's location, Reim alerted defendant Rottschall that plaintiff's vehicle had been identified. (Reim Aff. ¶ 5.) As plaintiff passed the intersection of Highway 41 and Highway 51, defendants Pfeiffer and Rottscholl of the Fond du Lac County Sheriff's Department intercepted the vehicle and activated their emergency lights, directing plaintiff to pull his vehicle to the side of the road. (Jackson Dep. 12:25-13:7, 14:5-7.) Plaintiff then pulled his vehicle to the side of the road and came to a stop. (Jackson Dep. 14:5-11.)

Defendant Rottscholl approached plaintiff's vehicle and ordered him to exit the vehicle. (Jackson Dep. 16:16-18, 17:1-18:7, Compl. ¶¶ 8-9.) Plaintiff did not exit the vehicle and instead fled the scene traveling northbound on Highway 41 with defendants Pfeiffer and Rottscholl in pursuit. (Jackson Dep. 18:17-19:12, Compl. ¶ 9.) The ensuing highway chase reached speeds in excess of 100 miles per hour. (Jackson Dep. 21:12-17.) The pursuit ended when plaintiff lost control of his vehicle, left the roadway, and came to rest in the southbound lanes of Highway 41. (Jackson Dep. 27:24-29:8.) Plaintiff exited his vehicle and was taken into custody. (Jackson Dep. 33:5-21.)

Plaintiff alleges that while he was being taken into custody, defendants Pfeiffer and Rottscholl used excessive force, resulting in physical injuries. (Compl. ¶ 15.) Moreover, the March 23, 2005, proposed amended complaint identifies a third officer, Perales, who used excessive force against plaintiff. In his June 28, 2004, deposition, plaintiff guessed at the

5

identity of this third officer as being defendant Reim. However, through the use of discovery, plaintiff identified him as Perales.[2]

Defendant Klein had a canine partner at the time of plaintiff's arrest and was controlling the dog away from the location of the physical arrest. (Klein Aff. ¶ 9.) Plaintiff acknowledged that he was not bitten or otherwise harmed by a dog at the scene of his arrest. (Jackson Dep. 81:20.) Plaintiff is not able to testify whether defendant Laridean or defendant Klein used any force against him, excessive or otherwise, and is not able to testify whether either defendant participated in any way in the events that allegedly caused plaintiff's injuries. (Jackson Dep. 44:9-22, 45:19-21.)

Defendant Laridean placed handcuffs on plaintiff, using only such force as was reasonably necessary to secure plaintiff. (Laridean Aff. ¶ 9.) Plaintiff testified that he sustained no injuries whatsoever while he was being handcuffed. (Jackson Dep. 35:9-37:16.) At no time did defendant Laridean strike or otherwise use excessive force against plaintiff. (Laridean Aff. ¶ 9.)

---

[2] Defendants Klein, Laridean, and Reim's Proposed Findings of Fact further demonstrate that the third officer who allegedly used excessive force against plaintiff and who plaintiff thought was defendant Reim, could not have been:

> Plaintiff also believes that a State Patrol Officer wearing a uniform and steel-toed boots, who he has identified as "D. Reim," kicked him while he was on the ground and handcuffed. (Jackson Dep. 43:11-18, 81:21-82:3.) Defendant Reim was not in uniform on February 28, 2001, has never worn a State Patrol uniform, and has never been employed by the Wisconsin State Patrol. (Reim Aff. ¶ 8.) Defendant Reim was not physically present at the location of plaintiff's arrest. (Reim Aff. ¶ 7.) Defendant Reim's physical appearance on the night of February 28, 2001, was that he was wearing street clothes, street shoes, facial hair, and a ponytail. (Reim Aff. ¶ 3.) Defendant Reim's physical appearance would have been noteworthy. (Id.)

(Defs.' Proposed Findings of Fact ¶¶ 23-28.)

Following plaintiff's arrest, he was transported to the Fond du Lac County Jail. (Jackson Dep. 56:23-25.) Defendant Laridean transported plaintiff from the scene of his arrest to the jail. (Laridean Aff. ¶ 11.) Plaintiff testified that he received no injuries whatsoever after he had been placed in the back of defendant Laridean's squad car. (Jackson Dep. 57:14-17.)

Plaintiff alleges that all of the named defendants engaged in a conspiracy to prevent him from seeing a judge until after the swelling from his alleged injuries had dissipated. (Compl. ¶ 24, Jackson Dep. 64:14-17.) Plaintiff is unable to identify a factual basis for his allegations that such a conspiracy existed. (Jackson Dep. 65:19-67:15.)

Defendants Klein, Laridean, and Reim had no employment responsibility with, or supervisory control over, the Fond du Lac County Jail. (Laridean Aff. ¶ 15; Reim Aff. ¶ 9; Klein Aff. ¶ 14.) At no time did defendants Klein, Laridean, or Reim make any custody decisions regarding plaintiff while he was in jail following his arrest on February 28, 2001. Id. Defendant Klein neither participated in, nor was aware of, any such alleged conspiracy. (Klein Aff. ¶¶ 14-15.) Defendant Laridean neither participated in, nor was aware of, any such alleged conspiracy. (Laridean Aff. ¶¶ 12-13.) Defendant Reim neither participated in, nor was aware of, any sch alleged conspiracy. (Reim Aff. ¶¶ 10-11.)

**B.    Defendant Peters' Motion**

At the time of the incidents alleged in the complaint, defendant Officer Brian Peters was employed by the Outagamie County Sheriff's Department, working on special assignment with the Lake Winnebago Metropolitan Drug Enforcement Group (MEG Unit). (Affidavit of Officer Brian Peters [Peters Aff.] ¶ 1.) Defendant Peters was supervised by

7

Officer Roger Price, who was in charge of the MEG Unit. (Peters Aff. ¶ 10.) Defendant Peters has never been employed by the Fond du Lac County Sheriff's Department, Fond du Lac County Jail, or the Wisconsin Highway Patrol. (Peters Aff. ¶¶ 5-6.)

On or about February 28, 2001, prior to plaintiff's arrest, defendant Peters informed MEG Unit investigators that plaintiff was en route to Chicago to pick up some crack cocaine and that he would be bringing it back to the Appleton area. (Jackson Dep., Ex. 1 [MEG Unit Case/Incident Report].) Plaintiff was stopped by defendant Rottscholl, assisted by officers with the Fond du Lac County Sheriff's Department, Wisconsin State Patrol, Fond du Lac Police Department, and defendant Reim. (Peters Aff. ¶¶ 11-12; Jackson Dep., Ex. 1.)

Plaintiff did not see defendant Peters at the traffic stop or during the arrest. (Jackson Dep. at 71.) Defendant Peters did not have any contact with plaintiff until after plaintiff was in the Fond du Lac County Jail. (Jackson Dep. at 73.) At the time of plaintiff's arrest and detention, defendant Peters did not know any of the Fond du Lac County Jail personnel. (Peters Aff. ¶¶ 6-7.) Defendant Peters identified plaintiff at the jail. (Jackson Dep., Ex. 1.) Defendant Peters did not instruct the jail personnel to detain plaintiff in jail. (Peters Aff. ¶¶ 19-20; Jackson Dep. at 76.)

While at the jail, defendant Peters briefly questioned plaintiff about a drug investigation that was completely unrelated to plaintiff's traffic stop or arrest. (Peters Aff. ¶¶ 14, 16.) Detaining plaintiff in jail would not have had any affect on defendant Peters' investigation of the unrelated drug offense. (Peters Aff. ¶ 21.) Defendant Peters did not have any conversation with his co-defendants concerning the arrest or detention of plaintiff. (Peters Aff. ¶ 19.) Defendant Peters is not aware of any plan to hold plaintiff in the Fond du Lac County Jail for any purpose. (Peters Aff. ¶ 22.)

8

## IV. ANALYSIS

**A.     Defendants Klein, Laridean, and Reim's Motion**

Defendants Klein, Laridean, and Reim contend that, 1) plaintiff cannot show any competent evidence that they battered him, and 2) plaintiff cannot show any evidence of a civil conspiracy to deny him any rights or protections.  Plaintiff contends that there are genuine issues of material fact that preclude summary judgment.  He asserts that these issues, identified in his Statement of Disputed Factual Issues, are:

> 1. Whether the plaintiff offered any resistance or disobedience to those defendants when ordered to lay on the ground.
>
> 2. Whether the plaintiff offered any resistance or disobedience to the defendants when they handcuffed him.
>
> 3. Whether the force utilized by the defendants against the plaintiff was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.
>
> 4. Whether the plaintiff's injuries resulted from his own acts of resistance to the defendants or from their purposeful use of unnecessary force.

(Pl.'s Statement of Disputed Factual Issues ¶¶ 1-4.)  Plaintiff contends:

> The affidavits of the plaintiff and the defendants are squarely contradictory as to what force was used, when it was used, and why it was used.  The allegations in the plaintiff's complaint portray a completely needless use of force against a person handcuffed and cooperating with arresting officers.  There is clearly a genuine issue of fact.
>
> The factual dispute is also material.  Under the governing law, whether the use of force by police officers violates the Fourth Amendment depends on whether it was "applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."

(Pl.'s Br. in Opp. to Defs.' Summ. J. Mot. at 3.)

9

Plaintiff's assertion that genuine issues of material fact preclude summary judgment relates only to his excessive force claim. However, plaintiff is proceeding on his excessive force claim against defendants Pfeiffer and Rottscholl, and these defendants have not filed a motion for summary judgment.

Plaintiff is not proceeding on an excessive force claim against defendants Klein, Laridean, and Reim. He is only proceeding on a conspiracy claim against them, based on allegations that those defendants conspired to hide plaintiff inside the Fond du Lac County Jail for seven days, before taking him before a judge, so that his injuries would not be so apparent.

A conspiracy exists if there are "(1) an express or implied agreement among defendants to deprive plaintiff of his ... constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).

It is undisputed that defendants Klein, Laridean, and Reim had no employment responsibility with, or supervisory control over, the Fond du Lac County Jail. (Laridean Aff. ¶ 15; Reim Aff. ¶ 9; Klein Aff. ¶ 14.) At no time did defendants Klein, Laridean, or Reim make any custody decisions regarding plaintiff while he was in jail following his arrest on February 28, 2001. Id. Defendant Klein neither participated in, nor was aware of, any such alleged conspiracy. (Klein Aff. ¶¶ 14-15.) Defendant Laridean neither participated in, nor was aware of, any such alleged conspiracy. (Laridean Aff. ¶¶ 12-13.) Defendant Reim neither participated in, nor was aware of, any sch alleged conspiracy. (Reim Aff. ¶¶ 10-11.)

Plaintiff does not address or dispute defendants' contention that there was no conspiracy to keep plaintiff hidden in the jail. Conclusory allegations to the contrary in the

10

complaint are insufficient to withstand summary judgment. "It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chi. Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998)). Accordingly, defendants Klein, Laridean, and Reim's motion for summary judgment will be granted.

**B.     Defendant Peters' Motion**

Defendant Peters contends that he is entitled to summary judgment because plaintiff has not brought forth any facts to support his cause of action against Peters and there are no facts upon which a jury could infer that Peters engaged in a civil conspiracy under 42 U.S.C. § 1983. Plaintiff's response to defendant Peters' motion is the same as for defendants Klein, Laridean, and Reim's motion. In addition, the only claim upon which plaintiff is proceeding against defendant Peters is a conspiracy claim.

Plaintiff does not dispute with admissible evidence defendant Peters' averments that Peters did not have any conversation with his co-defendants concerning the arrest or detention of plaintiff or that Peters was not aware of any plan to hold plaintiff in the Fond du Lac County Jail for any purpose. As such, for the reasons set forth above, defendant Peters' motion for summary judgment will be granted.

## V. PROPOSED AMENDED COMPLAINT

As noted above, on March 23, 2005, plaintiff filed a proposed amended complaint identifying "Perales Kristian P." as the additional defendant in his excessive force claim. Plaintiff's proposed amended complaint will be accepted and will become the operative

11

complaint in this action. Thus, plaintiff will be proceeding on his Fourth Amendment excessive force claim against defendants Pfeiffer, Rottscholl, and Perales.

## VI. SUMMARY

In sum, defendants Klein, Laridean, and Reim's motion for summary judgment will be granted. Defendant Peters' motion for summary judgment will also be granted. Thus, plaintiff's conspiracy claim will be dismissed. The only remaining claim is plaintiff's excessive force claim against defendants Pfeiffer, Rottscholl, and Perales.

The proposed amended complaint (Docket #60) is the operative complaint in this action. The United States Marshal will be ordered to effect service on Perales.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendant Reim, Laridean, and Klein's motion for summary judgment (Docket #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Peters' motion for summary judgment (Docket #67) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal effect service upon defendant Perales pursuant to Federal Rule of Civil Procedure 4.

Dated at Milwaukee, Wisconsin, this 23 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge