# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEMANUEL JACKSON,
   Plaintiff,

v.                Case No. 03C941

OFFICER PFEIFFER,
OFFICER ROTTSCHOLL,
and KRISTIAN P. PERALES,
   Defendants.

## ORDER

### I. BACKGROUND

In 2003, plaintiff Lemanuel Jackson, who is incarcerated at the Chippewa Valley Correctional Transitional Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. I granted plaintiff leave to proceed in forma pauperis on a Fourth Amendment excessive force claim against the above-named defendants and a conspiracy claim against various other previously named defendants – Officers Reim, Peters, Laridean and Klein. By order of July 25, 2005, I dismissed the conspiracy claims against defendants Reim, Peters, Laridean and Klein.

A jury trial in this action was conducted on November 16 and 17, 2006, on the remaining excessive force claims against defendants Pfeiffer, Rottscholl and Perales. At trial, plaintiff testified on his own behalf; he called no other witnesses. Plaintiff also presented photographs of himself taken at the Winnebago County Jail after his arrest, showing abrasions on his face. At the conclusion of plaintiff's case and at end of the entire case, defendants made oral motions for judgment as a matter of law under Fed. R. Civ. P. 50(a). I deferred ruling on those motions and the case was submitted to the jury. On

November 17, 2006, the jury returned a special verdict finding that defendants Pfeiffer and Rottscholl used excessive or unreasonable force in connection with the plaintiff's arrest and awarding damages in the amount of $50,000. The jury did not find that defendant Perales used excessive or unreasonable force in arresting the plaintiff.[1] After the jury returned their verdict, defendants Pfeiffer and Rottscholl renewed their motion for judgment as a matter of law under Rule 50(b).

## II. STANDARD

When confronted with a motion for judgment as a matter of law following a jury verdict, a court does not re-weigh the evidence presented at trial or make credibility determinations. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Instead, it must consider the totality of the evidence and determine whether the jury was presented with a "legally sufficient amount of evidence from which it could reasonably derive its verdict." Massey v. Blue Cross-Blue Shield of Illinois, 226 F.3d 922, 924 (7th Cir. 2000). Stated simply, in the present case, I must determine whether any rational jury could have found in favor of plaintiff as to his claims against defendants Pfeiffer and Rottscholl. See Harvey v. Office of Banks & Real Estate, 377 F.3d 698, 707 (7th Cir. 2004). In doing so, I view the evidence and all reasonable inferences in a light most favorable to the nonmoving party – in this case, the plaintiff. Reeves, 530 U.S. at 150-51; Learning Curve Toys, Inc. v. PlayWood Toys, Inc., 342 F.3d 714, 721 (7th Cir. 2003).

---

[1] Defendant Perales' oral motions for judgment as a matter of law under Rule 50(a) (which were made before the jury rendered its verdict) are moot in view of the jury's finding with respect to him.

At trial, the jury was asked to determine whether defendants used excessive force against the plaintiff during plaintiff's arrest on February 28, 2001. Claims that law enforcement have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989); see also Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir. 2005). The reasonableness inquiry is objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

## III. DISCUSSION

At trial, the jury heard evidence pursuant to a stipulation that on February 28, 2001, while driving on Highway 41 through Fond du Lac County, plaintiff was stopped by law enforcement officials as part of an ongoing criminal investigation and not for any traffic related reason. Plaintiff testified that after he was pulled over on the side of the highway, two officers, one of whom was defendant Rottscholl, approached his car with guns drawn and yelled at him to get out of the car. Plaintiff also testified that he recalled seeing other police cars near the scene of the stop.

Plaintiff testified that he didn't get out of his car because it was between 9:30 p.m. and 10:00 p.m., it was dark on the highway and he feared his life was in danger. According

3

to his testimony, he sped off in his car because he wanted to get to a lighted area where there would be more people. Law enforcement officers, including defendant Pfeiffer, pursued plaintiff down the highway at speeds which were at times in excess of 100 miles per hour. Plaintiff stated at trial that he was eventually stopped when defendant Pfeiffer rammed into his car, causing him to spin into a ditch on the shoulder of the road. Plaintiff testified that he then put his car in park, got out of the car with his hands up and got down on the ground. He testified that officer Pfeiffer and another officer put his hands behind his back and placed handcuffs on him. He further testified that after he had the handcuffs on, he was beaten by the defendants. Specifically, he stated that defendant Pfeiffer hit him on the side of his face with his fist, defendant Rottscholl hit him in the head and face, and defendant Perales kicked him in the mouth with what felt like steel-toed boots. The jury also heard testimony that plaintiff suffered a split lip, four gashes to his scalp, abrasions, bruises, a loose tooth and a shoulder injury as a result of the beating. It saw the Winnebago County Jail photographs and heard testimony that those photographs did not show the full extent of plaintiff's injuries.

Viewing this evidence and all reasonable inferences in a light most favorable to plaintiff, I find that the jury was presented with a sufficient amount of evidence from which it could reach its verdict. In other words, a rational jury could return a verdict in plaintiff's favor by concluding that, regardless of the severity of the crime at issue or the fact of plaintiff's initial flight, the force to which plaintiff was subjected after being restrained and placed in handcuffs was excessive because plaintiff no longer posed a threat to the officers' safety or a risk of flight. Further, a rational jury could determine that officers

4

Rottscholl and Pfeiffer were among the officers subjecting plaintiff to such force. Thus, I will deny defendants' Rottscholl and Pfeiffer's motion for judgment.

**For the foregoing reasons,**

**IT IS ORDERED** that the renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) made by defendants Pfeiffer and Rottscholl is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2006.

/s_____
LYNN ADELMAN
District Judge